JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-1959 PA (DTBx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Luis Ortiz v. Exel Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before the Court is the Notice of Removal filed by defendant Exel Inc. ("Defendant"). Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

    Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal jurisdiction is upon the party seeking removal." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). One of the requirements for diversity jurisdiction is that the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91, 92 L. Ed. 845 (1938)). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), abrogated on other grounds by Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

    Here, the Complaint is silent as to the amount of damages plaintiff seeks. Therefore, it was incumbent on the removing defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendant has not made a sufficient attempt to meet this burden. Here, despite admitting that "Plaintiff's Complaint seeks an unspecified amount of . . . damages" the Notice of

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1959 PA (DTBx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Luis Ortiz v. Exel Inc. | | |

Removal asserts that "[i]t is facially apparent from the Complaint that the claims asserted by Plaintiff exceed $75,000 . . . ." This bald conclusion that the amount in controversy has been met is wholly inadequate to invoke this Court's jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116-17 (9th Cir. 2004). Although Defendant attempted to use evidence of jury verdicts in other cases to meet this burden, its effort to do so is insufficient as a matter of law because Defendant has failed to show how the claims in this case are factually similar to the cases it cites in which verdicts over $75,000 were rendered. See Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).

Moreover, Defendant has failed to sufficiently establish plaintiff's citizenship. Federal diversity jurisdiction requires that all parties to the action be citizens of different states. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Although the Notice of Removal alleges that plaintiff is a California citizen, the only support for that assertion is through citation to the Complaint. The Complaint alleges only that plaintiff is a resident of California. (Compl. ¶ 1.) In seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Defendant has failed to meet this burden.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy or the citizenship of plaintiff, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005). Accordingly, the Court remands this action to San Bernadino County Superior Court, case number CIV DS1511949, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.